UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

STEPHEN E. THOMAS, JR.                                                                    PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:08CV-32-S

JEFFERSON COUNTY, et al.                                                                  DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on motions of the defendants, Louisville/Jefferson County Metro Government, *et al,* to dismiss and/or for summary judgment in this prisoner civil rights action (DNs 33, 37, 46).[1]

On September 24, 2009, some of the defendants filed a motion for summary judgment on the ground of failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a). Section 1997e(a) states that no action may be brought by a prisoner confined in any jail, prison or other correctional facility prior to exhaustion of such remedies. On November 6, 2009, the court ordered the defendant to file documentation establishing the dates of the plaintiff, Stephen E. Thomas, Jr.'s incarceration, as the dates were not readily apparent from the filings.[2] On December 9, 2009, the court ordered that Thomas be provided a copy of the summary judgment motion, the court's November 6th order, and the defendants' response to the court's order. He was then given a period of twenty-one days in which to file a response. Thomas filed a response stating that "this case should not be dismissed because of the numerous efforts of trying to exhaust the administrative

---

[1] Defendants Medical Director Angelita Hendrickson, Officer Earnspiker, Officer Lucas, Officer Spurgeon, Director Mark Bolton, and Louisville/Jefferson County Metro Government have filed dispositive motions. Jailer Tom Campbell, Dr. Miller, Captain Dietz, and Officer Fuermon were never served in this case.

[2] Thomas had not responded to the motion. The court also ordered the defendants to file the affidavit of Grievance Counselor Sandy Northington which was inadvertently omitted from the exhibits to the summary judgment motion.

remedies due to the lack of cooperation of the staff..." He has offered no documentation evidencing that he filed a grievance filed within five days of July 23, 2006, the date he alleges he was assaulted by guards in the facility. The Louisville Metropolitan Department of Corrections ("MDOC") Policy requires that a grievance be filed within five days of the alleged incident. MDOC Policy, VI(G)(1)(c). Interestingly, the records submitted by MDOC show that Thomas was incarcerated from September 24, 2007 until March 4, 2008. Response to Show Cause (DN 40), Aff. and Hist. Nobody has addressed this discrepancy. What has been shown, however, is that Thomas filed neither grievance nor lawsuit concerning the alleged 2006 incident.

Thomas' only documentation is a handwritten, signed grievance dated October 27, 2009. As explained in the sworn affidavit of Sandy Northington, the MDOC Grievance Coordinator, she received a copy of this grievance by mail in late October, 2009. As it alleged an event occurring in 2006, she states that she returned the documents to the envelope, marked it "return to sender," and placed it back in the mail to return to Thomas. Her review of the department records indicated that no grievance was filed by Thomas while he was incarcerated.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of*

*Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968).  The evidence must be construed in a light most favorable to the party opposing the motion.  *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

Based upon the foregoing, it is clear that Thomas failed to exhaust his administrative remedies by filing and pursuing to completion a grievance concerning the alleged 2006 incident as required by 42 U.S.C. § 1997e(a).  Summary judgment must therefore be granted in favor of the defendants and the action dismissed.  A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**